UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                                      Case No. 15-CR-78

PIERRE TYSON, et al.,

                Defendants.

## RECOMMENDATION AND ORDER

### I.   Procedural History

The grand jury in this district on April 21, 2015, returned an indictment charging 16 individuals with conspiracy to distribute 100 grams or more of heroin, 500 grams or more of cocaine, and 28 grams or more of cocaine base, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, and Title 18, United States Code, Section 2. (ECF No. 1.) Three of those defendants, Darius Allen (ECF No. 137), Pierre Tyson (ECF No. 141), and Bryan Thomas (ECF No. 147), filed pretrial motions, which the Honorable Rudolph T. Randa referred to this court. Allen's and Thomas's motions were filed under seal because each referred to matters covered by this court's prior protective order. (*See* ECF No. 91.) Although those motions were sealed, the court

finds no need to seal any portion of this decision. Judge Randa has yet to schedule a jury trial in this complex case.

## II. Pierre Tyson's Motion to Suppress

Pierre Tyson contends that all evidence seized from his home pursuant to a search warrant must be suppressed because the search warrant was not supported by probable cause. (ECF No. 141.) The relevant search warrant was issued by this court on April 24, 2015. *See* 15-mj-01237-WED. The same 87-page affidavit was used to support 11 separate search warrants for various locations connected with the present indictment. Tyson challenges the search of his residence at 3432 N. Elmwood Drive in Elmwood Park, Wisconsin.

Because this court is being asked to review the sufficiency of a search warrant it approved, Tyson notes "[a] potential issue under 28 U.S.C. § 455." (ECF No. 141 at 1-2.) He does not ask that the court recuse itself from the present matter but rather "leaves it to the sound discretion of Magistrate Judge Duffin whether he should recuse himself in this matter." (ECF No. 141 at 2.)

The court finds that recusal is unnecessary. Judges are regularly called upon to reassess the propriety of their prior decisions. The present task is little different than what a magistrate judge must routinely do with respect to a criminal complaint at a preliminary hearing. *See* Fed. R. Crim. P. 5.1. Although a magistrate judge previously may have found probable cause for a criminal complaint, *see* Fed. R. Crim. P. 3, when

aided by argument and further factual development afforded through the adversarial process of a preliminary hearing, the judge may reassess that prior conclusion. The same is true here. The adversarial arguments of defense counsel may assist the court in seeing the matter in a different light. If reassessment merits a finding that the search was not supported by probable cause, the court has no difficulty in so finding.

"Probable cause exists when, based on the totality of the circumstances, there is a fair probability that a search will uncover contraband or evidence of a crime." *United States v. Thompson*, 801 F.3d 845, 847-48 (7th Cir. 2015) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Stated another way, "[a] search warrant affidavit establishes probable cause when it sets forth facts sufficient to induce a reasonably prudent person to believe that a search thereof will uncover evidence of a crime." *United States v. Gregory*, 795 F.3d 735, 741 (7th Cir. 2015) (quoting *United States v. Roth*, 201 F.3d 888, 892 (7th Cir. 2000)). "Probable cause is far short of certainty—it requires only a probability or substantial chance of criminal activity, not an actual showing of such activity, and not a probability that exceeds 50 percent (more likely than not), either." *United States v. Reichling*, 781 F.3d 883, 887 (7th Cir. 2015) (quoting *United States v. Seiver*, 692 F.3d 774, 777 (7th Cir. 2012)) (brackets omitted).

"In evaluating search warrant applications, judges may consider what 'is or should be common knowledge.'" *Id.* (quoting *Seiver*, 692 F.3d at 778). Moreover, "in issuing a search warrant, a judge is given license to draw reasonable inferences

concerning where the evidence referred to in the affidavit is likely to be kept, taking into account the nature of the evidence and the offense." *Id.* (quoting *United States v. Scott*, 731 F.3d 659, 665 (7th Cir. 2013)). "Warrants may be issued even in the absence of direct evidence linking criminal objects to a particular site." *Kelly*, 772 F.3d at 1080 (quoting *United States v. Orozco*, 576 F.3d 745, 749 (7th Cir. 2009)).

The Court of Appeals for the Seventh Circuit has repeatedly and consistently stated that "in the case of drug dealers, evidence is likely to be found where the dealers live." *United States v. Sewell*, 780 F.3d 839, 846 (7th Cir. 2015) (quoting *United States v. Kelly*, 772 F.3d 1072, 1080 (7th Cir. 2014)); *see also United States v. Jones*, 763 F.3d 777, 795 (7th Cir. 2014); *United States v. Scott*, 731 F.3d 659, 665 (7th Cir. 2013); *United States v. Jones*, 614 F.3d 423, 426 (7th Cir. 2010); *Orozco*, 576 F.3d at 749; *United States v. Hoffman*, 519 F.3d 672, 676 (7th Cir. 2008); *United States v. Hobbs*, 509 F.3d 353, 361 (7th Cir. 2007); *United States v. Ellis*, 499 F.3d 686, 690 (7th Cir. 2007); *United States v. Mykytiuk*, 402 F.3d 773, 778-79 (7th Cir. 2005); *United States v. Koerth*, 312 F.3d 862, 870 (7th Cir. 2002); *United States v. Singleton*, 125 F.3d 1097, 1102 (7th Cir. 1997); *United States v. Reddrick*, 90 F.3d 1276, 1281 (7th Cir. 1996); *United States v. Lamon*, 930 F.2d 1183 (7th Cir. 1991). In fact, the Court of Appeals for the Seventh Circuit found that the general notion that drug dealers are likely to keep evidence of their crimes at their homes was sufficient to sustain a search of that residence even when the affidavit contained specific information

4

that the suspected drug dealer did *not* use his residence for selling drugs. *Lamon*, 930 F.2d at 1186, 1190.

As Tyson concedes, the affidavit presents probable cause to believe that he "was involved in drug dealing activities." (ECF No. 141 at 5.) Two separate incidents are documented, the first occurring in February of 2015 (ECF No. 141-1, ¶¶ 127-28) and the second in late-March 2015 (ECF No. 141-1, ¶¶ 129-31), roughly three weeks before the search warrant was issued. The affidavit also sets forth probable cause to believe that the target location was Tyson's residence. A vehicle registered in his name was listed to this residence. (ECF No. 141-1, ¶¶ 59, 72, 156, 167.) It is the address listed on Tyson's current driver's license. (ECF No. 141-1, ¶ 179.) In a recorded conversation Tyson stated he lived on Elmwood. (ECF No. 141-1, ¶ 130.) And a vehicle Tyson was known to drive was observed at the residence. (ECF No. 141-1, ¶ 174.) These facts alone are sufficient to constitute probable cause to search Tyson's residence for evidence of a crime. But the affidavit contains additional information, including Tyson's statements suggesting that he had a firearm in his garage (ECF No. 141-1, ¶ 129), possession of which was unlawful because Tyson was a convicted felon (ECF No. 141-1, ¶ 14. g.), and details that could be interpreted as indicating that Tyson was using his home for a drug transaction set up by Patrick Young (ECF No. 141-1, ¶ 130).

While Tyson argues that the affidavit establishes merely that he was a small-time drug dealer, and thus was unlikely to have evidence of the offense at his residence

roughly three weeks after his recorded conversations discussing the sale of a relatively small amount of drugs, other details in the affidavit tended to suggest that Tyson was not a one-time low-level drug dealer. Notably, Tyson had been twice convicted of felony drug offenses. (ECF No. 141-1, ¶ 14. g.) He was obviously sufficiently closely connected to Young, a person who is portrayed in the affidavit as a leader of this drug organization, to apparently permit Young to use a vehicle registered in Tyson's name on multiple occasions. (ECF No. 141-1, ¶ 59, 72, 156, 167.)

These additional details further support the conclusion that probable cause existed to believe that evidence of a crime might be found in Tyson's residence. Consequently, the court will recommend that Tyson's motion to suppress (ECF No. 141) be denied.

### III. Bryan Thomas's Motion for Severance

Bryan Thomas argues that, although the indictment charges a single conspiracy, "the government's evidence regarding Bryan Thomas does not reasonably support the claim that he was involved in a conspiracy with the vast majority of his codefendants." (ECF No. 148 at 1.) Thomas contends that he was mis-joined under Fed. R. Crim. P. 8(b). Alternatively, he argues that he should be severed from his co-defendants pursuant to Fed. R. Crim. P. 14.

Federal Rule of Criminal Procedure 8(b) permits charging two or more individuals in a single indictment "if they are alleged to have participated in the same

act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." An indictment that charges a single conspiracy alleges "the same series of acts (the exact same acts, as a matter of fact)." *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985). Thus, "[i]t is well-established that a conspiracy charge is a proper basis for joinder under Rule 8(b)." *United States v. Garner*, 837 F.2d 1404, 1412 (7th Cir. 1987) (citing *United States v. Dounias*, 777 F.2d 346, 348 (7th Cir. 1985)); *see also United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995). A joint trial of all defendants charged in a single conspiracy is presumptively appropriate. *United States v. Bond*, 847 F.2d 1233, 1240 (7th Cir. 1988). "Rule 8(b) only requires that the conspiracy be alleged – there is no requirement that the government demonstrate, at the pleading stage, sufficient evidence to support joinder." *Garner*, 837 F.2d at 1412 (quoting *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987)).

Rule 8(b) does not merely permit joint trials but "there is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quotation marks omitted)).

The court finds that the fact that all of the defendants are charged in a single conspiracy count renders joinder proper under Rule 8(b). The indictment does not

7
Case 2:15-cr-00078-LA   Filed 12/14/15   Page 7 of 10   Document 161

allege two separate conspiracies with overlapping memberships, and thus *United States v. Velasquez*, 772 F.2d 1348, 1353-54 (7th Cir. 1985), upon which Thomas relies, is inapposite.

Thomas's motion is more appropriately raised under Rule 14, which permits the court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" "[i]f the joinder of…defendants in an indictment… appears to prejudice a defendant…." Fed. R. Crim. P. 14(a). Thomas contends that he would be prejudiced by a joint trial because he is alleged to have engaged in only six transactions, all with a single co-defendant, and there is no evidence linking him to 13 of his 15 co-defendants. (ECF No. 148 at 6.)

Severance under Rule 14 is not required merely because a defendant may be able to argue that he will have a better chance of acquittal if he is tried alone; rather, severance is required only if the defendant cannot receive a fair trial absent severance. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000); *see also United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013) (citing *United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013)). Nor is "a simple disparity in the evidence" sufficient to support a motion for severance. *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990) (internal quotation marks omitted); *see also United States v. Del Valle*, 674 F.3d 696, 705 (7th Cir. 2012) (citing *United States v. Serpico*, 320 F.3d 691, 696 (7th Cir. 2003)). "There will inevitably be some differences among defendants tried together. Someone will be first and someone will be

8

Case 2:15-cr-00078-LA   Filed 12/14/15   Page 8 of 10   Document 161

last. Half will be below the median." *United States v. Benabe*, 436 Fed. Appx. 639, 646 (7th Cir. 2011) (unpublished).

Thomas has not demonstrated a risk that he will be prejudiced and unable to obtain a fair trial if tried together with his alleged co-conspirators. His speculation is insufficient to overcome the longstanding "presumption in favor of conducting a joint trial for persons who have been jointly indicted, especially in situations such as this where the indictment charges a conspiracy." *Caliendo*, 910 F.2d at 437. To the extent that any risk of prejudice exists, Thomas has failed to show that it cannot be successfully mitigated through other measures, such as appropriate limiting instructions to the jury. *See United States v. Morales*, 655 F.3d 608, 625 (7th Cir. 2011) (citing *Zafiro*, 506 U.S. at 539). Therefore, the court will deny Thomas's motion for severance.

### IV.     Darius Allen's Motion for a *Franks* Hearing

Darius Allen filed a motion seeking a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). (ECF No. 137.) Allen does not actually ask that evidence obtained pursuant to the allegedly deficient search warrant be suppressed; Allen merely requests a *Franks* hearing. (ECF No. 137 at 5.)

The government has not responded to this motion. However, Allen failed to comply with Criminal Local Rule 12(c) in requesting an evidentiary hearing. *See also Procedures for Litigants Appearing Before Magistrate Judge William E. Duffin*, § 12. A. and B., available at http://www.wied.uscourts.gov/index.php?option=com_docman&task

9

Case 2:15-cr-00078-LA   Filed 12/14/15   Page 9 of 10   Document 161

=doc_download&gid=227&Itemid=30. Therefore, his motion for a *Franks* hearing will be denied.

**IT IS THEREFORE RECOMMENDED** that Pierre Tyson's motion to suppress (ECF No. 141) be **denied**.

**IT IS FURTHER ORDERED** that Bryan Thomas's motion for severance (ECF No. 147) is **denied**.

**IT IS FURTHER ORDERED** that Darius Allen's motion for a *Franks* hearing is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2) whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 14th day of December, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge