# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                                             **Case No. 15-CR-78**

**PIERRE TYSON**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Pierre Tyson (and 15 others) with conspiracy to distribute heroin, cocaine, and cocaine base. Defendant moved to suppress evidence seized from his residence pursuant to a search warrant, arguing that the warrant application failed to establish probable cause that evidence of a crime would be found at this particular location. The magistrate judge handling pre-trial proceedings in this case issued a recommendation that the motion to be denied. Defendant objects. My review is de novo. Fed. R. Crim. P. 59(b).

**I.**

When an affidavit is the only evidence presented to the issuing judge, the validity of the search warrant rests solely on the strength of the affidavit. United States v. Peck, 317 F.3d 754, 755 (7th Cir. 2003). The task of the issuing judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238 (1983). The duty of the reviewing court is simply to ensure that the issuing judge had a substantial basis for concluding that probable cause existed, id. at 238-39, with doubtful cases resolved in favor of upholding the warrant, United States v.

Pless, 982 F.2d 1118, 1124 (7th Cir. 1992).

**II.**

In an 87-page affidavit, a DEA agent sought warrants to search various locations associated with this case, including defendant's residence on Elmwood Drive in Racine, WI. (R. 141-1 at 8.) The affidavit alleged that defendant obtained narcotics from co-defendant Nelson (id. at 11), identified as a supplier of heroin and cocaine to the drug trafficking organization (id. at 10), and assisted co-defendant Young (id. at 11), identified as a senior member of the Gangster Disciples street gang (id. at 9). The affidavit further alleged that defendant has two prior felony drug convictions. (Id. at 11.)

The affidavit then detailed various intercepted conversations between Nelson and defendant, and Young and defendant.[1] (Id. at 53-54.) Specifically, on February 17, 2015, defendant arranged to obtain narcotics from Nelson.[2] (Id. at 53.) On March 25, 2015, defendant and Young spoke about a customer who wanted narcotics. Defendant also referenced a firearm he had in his garage. (Id. at 53-54.) On March 29, 2015, defendant told Young he lived on Elmwood. On March 31, 2015, Young sent defendant a text message that "Coogi" wanted the narcotics defendant had for "Coogi." (Id. at 54.)

Finally, the affidavit indicated that the address on Elmwood was utilized by defendant. (Id. at 73.) A check of Wisconsin DOT records showed that this address was listed on

---

[1] Law enforcement previously obtained wiretaps for Nelson and Young's phones. (Id. at 45.)

[2] At that time, defendant told Nelson he was "at the crib, on 25th." (Id. at 53.)

2

defendant's driver's license, and that he had a vehicle registered at that address.[3] The utilities at this address were also listed to defendant, and on April 3, 2015, defendant was observed entering a vehicle parked there. (Id. at 74.)

The magistrate judge issued the warrant on April 24, 2015. (Id. at 1.) Officers executed it on April 28, 2015, seizing two handguns, suspected drug paraphernalia, suspected MDMA pills, and a suspected cutting agent for controlled substances. (R. at 141 at 1; R. 157 at 1-2.)

**III.**

Defendant argues that nothing in the affidavit connects his residence to illegal activity. For instance, the affidavit does not allege that drug transactions were conducted there, or that defendant stored drugs or drugs proceeds there. Further, when he spoke to Nelson about obtaining narcotics on February 17, 2015, it appears that defendant was not at the Elmwood Drive residence. Defendant concedes that the affidavit establishes probable cause that he was involved in low level drug dealing, but absent some nexus between his residence and criminal activity, he contends that the search warrant should not have issued.

Defendant cites various out of circuit cases in support of this argument, but the Seventh Circuit has consistently held that warrants may be issued even in the absence of direct evidence linking criminal objects to a particular site. E.g., United States v. Orozco, 576 F.3d 745, 749 (7th Cir. 2009). When probable cause exists to believe an individual has committed a crime involving physical evidence, and when there is no articulable, non-speculative reason to believe that evidence of that crime was not or could not have been hidden in that individual's home, a judge will generally be justified in finding probable cause to search that individual's

---

[3]The affidavit previously alleged that Young used this vehicle in connection with drug transactions. (Id. at 31, 35.)

3

home. United States v. Aljabari, 626 F.3d 940, 946 (7th Cir. 2010). Courts are entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense, and specifically, in the case of drug dealers, evidence is likely to be found where the dealers live. United States v. Sewell, 780 F.3d 839, 846 (7th Cir. 2015).[4]

Aside from the fact that he was apparently not at the Elmwood Drive residence when he spoke to Nelson on February 17, 2015, defendant provides no reason to believe that evidence would not be found at his residence. The experienced DEA agent who applied for the warrant indicated that dealers often keep evidence at their residences (R. 141-1 at 3), and the Seventh Circuit has approved reliance on an agent-affiant's experience in these matters. See Orozco, 576 F.3d at 750. Moreover, the affidavit provides an affirmative basis for believing that contraband – a firearm – would be found in defendant's garage.[5] And, the affidavit establishes that Young, the alleged leader of the organization, used defendant's vehicle (registered at the Elmwood Drive address) in drug transactions.

Defendant cites Owens v. United States, 387 F.3d 607 (7th Cir. 2004), where the court found insufficient a bare-bones affidavit which stated that three months earlier an informant bought crack from Owens at a house believed to be Owens's residence. The affidavit contained no indication either of the actual quantity of the crack or of the reliability of the

---

[4]Defendant fails to show that the Seventh Circuit's cases on this point contravene the plain meaning of the Fourth Amendment and Supreme Court case-law. The Fourth Amendment and the Court's decision in Gates require a warrant to identify the particular place to be searched – the Constitution forbids general warrants – but neither specify the manner in which an affidavit must establish probable cause to believe contraband will be found at that particular place. Even if the Seventh Circuit's decisions are in tension with decisions from other courts of appeals, I must follow them.

[5]As a felon, defendant could not lawfully possess a gun.

4

informant. The court noted that, given the lack of detail, it would be just as likely that either Owens or someone with access to his house had made a single, isolated sale, perhaps to a desperate acquaintance, providing no basis for thinking either that the premises were a drug house or that the money received in the sale would still be there. Id. at 608. The present affidavit contained more recent (one to two months old), more specific (references to a "dub," typically $20 worth of cocaine or heroin), and more reliable (wiretaps, not an unknown informant) information.

Even if this affidavit does fail to establish probable cause to search defendant's residence, the officers could have relied on the warrant in good faith. See United States v. Leon, 468 U.S. 897, 926 (1984). Defendant makes no claim that the magistrate judge abandoned his neutral, detached judicial role or that the affiant was dishonest or reckless; nor can it be shown that the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. See United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002). This was hardly a bare-bones application, and defendant cites no case finding that a materially similar affidavit previously failed to establish probable cause. Id. at 869.

**IV.**

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 161) is adopted, and defendant's motion to suppress (R. 141) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of March, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge